IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| David Bryant, | ) | |
| | ) | |
| Plaintiff | ) | **Civil Action No.** |
| | ) | |
| v. | ) | |
| | ) | |
| Snipes Enterprises, LLC and James H. Snipes Jr., | ) ) | **Jury Trial Demanded** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, Plaintiff David Bryant ("Mr. Bryant" or "Plaintiff") and brings this *Complaint*, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA") against the above-named Defendants as follows:

### JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction over this matter, which arises under federal law, pursuant to 28 U.S.C. § 1331.

2.

Venue is proper in this Court because the violations of Plaintiff's rights alleged herein were committed in this division of this judicial district.

## PARTIES

3.

Mr. Bryant is a former employee of Snipes Enterprises, LLC. Mr. Bryant is a citizen of the United States who submits himself to the jurisdiction of this Court.

4.

Defendant Snipes Enterprises, LLC ("Snipes") is a Georgia corporation that provides drywall repair services in Norcross, Georgia. Snipes may be served with the summons and complaint by personal service on its Registered Agent, James H. Snipes Jr., whose office is located at 6174 Wandering Way, Norcross, Georgia 30093. This Court has personal jurisdiction over Snipes.

5.

During each of the three years preceding the filing of this complaint, Snipes' gross annual sales were greater than $500,000.

6.

During each of the three years preceding the filing of this complaint, Snipes engaged in interstate commerce.

7.

Defendant James H. Snipes Jr. ("Mr. Snipes") owns and operates Snipes and actively manages the operations of the company.

8.

As the owner and manager of Snipes, Mr. Snipes determines and controls the company's methods of compensating its employees, including Mr. Bryant.

**FACTUAL ALLEGATIONS**

9.

From November 1, 2015 until July of 2018, Snipes and Mr. Snipes (collectively "Defendants") employed Mr. Bryant as a loader, unloader, deliverer, and installer of drywall.

10.

From the date of his hire to approximately January 1, 2017, Defendants paid Mr. Bryant $15.00 per hour.

11.

During this period, Mr. Bryant worked an average of 55 hours per week for Defendants.

12.

Defendants did not pay Mr. Bryant time and a half his regular hourly rate for his working hours over 40 per week.

13.

From approximately January 1, 2017 until January 1, 2018, Defendants paid Mr. Bryant $17.50 per hour.

14.

During this period, Mr. Bryant worked an average of 55 hours per week for Defendants.

15.

Defendants did not pay Mr. Bryant time and a half his regular hourly rate for his working hours over 40 per week.

## SUBSTANTIVE CLAIM

### FLSA Overtime Pay

16.

By this reference, Plaintiff incorporates his factual allegations as if fully set forth herein.

17.

The FLSA requires employers to compensate covered employees time and a half of their regular rates of pay for hours worked over 40 in a workweek.

18.

During the three years preceding the filing of this Complaint, Snipes was a covered employer subject to the overtime pay requirement under the FLSA and applicable Department of Labor regulations.

19.

During the three years preceding the filing of this Complaint, Mr. Bryant was not subject to any exemption from overtime pay under the FLSA and applicable Department of Labor regulations.

20.

Defendants violated the FLSA by failing to pay Mr. Bryant proper overtime pay for his working hours in excess of 40 per week.

21.

Defendants' violation of the FLSA described above was willful.

22.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a) That a trial by jury be had on all issues for which a jury trial is permitted under law;

b) That unpaid overtime wages and liquidated damages as permitted by the FLSA be awarded to Plaintiff;

c)  That attorney's fees and expenses of litigation be awarded to Plaintiff;

d)  That pre-judgment interest be awarded; and

e)  That the Court award such other relief as the Court deems just and proper.

Respectfully submitted, this November 28, 2018.

*/s/ James Radford*
James Radford
Georgia Bar No. 108007
Seungeun April Lee
Georgia Bar No. 487634
*Counsel for Plaintiff*
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0302
james@decaturlegal.com
april@decaturlegal.com