# FLSA SETTLEMENT AGREEMENT AND RELEASE

**THIS FLSA SETTLEMENT AGREEMENT AND RELEASE** (the "Agreement") is executed as of this 18th day of March, 2019, and is made by and between **DAVID BRYANT** ("BRYANT") and **SNIPES ENTERPRISES, LLC** ("SNIPES ENTERPRISES") and **JAMES H. SNIPES, JR.** ("SNIPES") (together with Snipes Enterprises, "Defendants"), herein after collectively referred to as "the Parties."

## RECITALS

**A.** Bryant filed a lawsuit in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *David Bryant v. Snipes Enterprises, LLC and James H. Snipes, Jr.*, Case No. 1:18-cv-05429-CAP ("Civil Action"), alleging that Defendants failed to pay him overtime compensation in violation of the Fair Labor Standards Act ("FLSA");

**B.** Defendants deny that they have any liability to Bryant in connection with the allegations raised in the Civil Action or under any other applicable federal, state, or local law respecting payment of wages;

**C.** The Parties have negotiated a settlement in good faith and are entering into this Agreement for the purposes of settling, compromising and resolving any and all claims Bryant brought or could have brought against Defendants in the Civil Action respecting the payment of wages;

**D.** Bryant acknowledges that he has consulted with his attorneys at Radford & Keebaugh, LLC, and has been fully informed about the terms and conditions of this Agreement by his attorneys at Radford & Keebaugh, LLC. After carefully considering this Agreement, Bryant has elected to participate in the settlement and to execute this Agreement. By executing this Agreement, Bryant understands the terms and conditions of this Agreement, knows that he is giving up important rights, has elected to participate in the settlement, signed the Agreement knowingly and voluntarily, and that the election to participate in the settlement and the execution of this Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. Bryant further represents and warrants that he has not relied on any inducements, promises, or representations the Defendants or any other person, other than the terms and conditions set forth in this Agreement; and

**E.** The Parties desire to memorialize their agreement.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties expressly, knowingly and voluntarily agree as follows:

**1.** **Settlement Funds.** Defendants have offered to pay, and Bryant has agreed to accept from Defendants, the total sum of $12,000.00 (the "Settlement Payment") in full settlement and satisfaction of any claims Bryant brought or could have brought against Defendants in this Civil Action respecting the payment of wages, including, but not limited to, claims by Bryant for attorneys' fees and costs:

  (i) $9,000 to Bryant as ovetime wages and liquidated damages, and
  (ii) $3,000.00 to Bryant's Counsel for attorneys' fees and costs.

**2. Judicial Approval of Settlement and Dismissal of Civil Action.** Within ten (10) business days after Defendants receive a copy of this Agreement executed by Bryant, the Parties will file a Joint Motion for Approval of Settlement of the Civil Action, seeking the Court's approval of this Settlement Agreement and dismissal of the Civil Action. The Parties will cooperate and take all necessary steps to effect final judicial approval of this Agreement. The Parties expressly agree that the terms of this Agreement are fair and equitable, and to the extent that Bryant's Counsel is required to petition the Court for approval of the reasonableness and amount of its attorneys' fees and costs to be paid under this Agreement, Defendants do not oppose and agree not to oppose the amount (or the reasonableness of the amount) of Bryant's attorneys' fees to be paid to Bryant's counsel out of the total Settlement Payment.

**3. Payment of Settlement Funds.**

**DAVID BRYANT:** One-half of the total Settlement Payment to Bryant for overtime claims in Paragraph 1 (i.e., $4,500.00) shall be allocated to settlement of Bryant's claim for alleged unpaid overtime wages (the "W-2 payment"), and the remaining one-half of the total settlement amount to Bryant for overtime claims in Paragraph 1 (i.e., $4,500.00) shall be allocated to settlement of Bryant's claim for alleged unpaid liquidated damages, which shall be paid separately without any deduction for any taxes or other withholdings, in non-employment income reported in Box #3 on IRS Form 1099-MISC (the "1099 payment"). The settlement amounts to Bryant will be payable in monthly installments over four (4) months, the first of which will be due within fourteen (14) days of the Court's approval of the settlement, pursuant to the Parties' motion for approval of settlement to be filed in the Litigation no later than ten (10) days from the date the Parties arrived at the agreement to settle Plaintiff's overtime wages and liquidated damages, with the remaining installments due on that same day of each subsequent month until payment to Bryant is complete. The installments shall be made in the following amounts: $2,000.00 for the 1st installment, $2,000.00 for the 2nd installment, $2,000.00 for the 3rd installment, and $3,000.00 for the 4th and final installment. Upon each installment, Defendants will deliver one (1) check to Bryant as the W-2 payment, and one (1) check to Bryant as the 1099 payment, in the pro rata amounts owed under this Section.

Defendants shall be solely responsible for determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payments made under this Agreement. Bryant is not relying on any information provided by Defendants concerning the tax consequences of payments made under this Agreement. Bryant agrees to indemnify and hold Defendants harmless of and from any claims of Bryant or third party, including governmental taxing authorities, for income taxes, FICA, or any other taxes of any kind relating to taxes owed by Bryant on the payments set forth in Paragraph 1. In the event one of the Defendants is required to pay taxes owed by or on behalf of Bryant (but not taxes owed by Snipes Enterprises as employer's portion of taxes owed to any tax authority by or on behalf of Bryant) arising from the payments specified in Paragraph 1, or related interest, penalties or fines, Bryant shall immediately reimburse such Defendant the full amount of such payment or they shall offset that amount against amounts owed to Bryant, but not both. Nothing herein shall operate as a release

of Snipes Enterprises's obligation for the employer's share of FICA and Medicare for the W-2 payments.

**RADFORD & KEEBAUGH, LLC:** The payment to Bryant's Counsel for attorneys' fees and costs pursuant to Paragraph 1 above shall be paid to Bryant's Counsel by separate check without any deduction for any taxes or other withholdings (the "1099 fee payment"). The 1099 fee payment shall be processed by 1099 issued to Bryant's Counsel using a W-9 for Bryant's Counsel, and reported in Box #14 on IRS Form 1099-MISC. The settlement amounts paid to Bryant's Counsel for fees and costs constitute payment of Bryant's attorneys' fees and costs on all claims under the FLSA and therefore are within the definition of 26 U.S.C. § 62(e)(4) and subject to the provisions of 26 U.S.C. § 62(a)(20) of the Internal Revenue Code. The settlement amounts to Bryant's Counsel will be payable in monthly installments over three (3) months, the first of which will be due within fourteen (14) days of the Court's approval of the settlement, pursuant to the Parties' motion for approval of settlement to be filed in the Litigation no later than ten (10) days from the date the Parties arrived at the agreement to settle Plaintiff's overtime wages and liquidated damages, with the remaining installments due on that same day of each subsequent month until payment to Bryant's Counsel is complete. The installments shall be made in the following amounts: $1,000.00 for the 1st installment, $1,000.00 for the 2nd installment, and $1,000.00 for the 3rd and final installment.

4. **Bryant's Release of Defendants.** In exchange for the settlement described in this Agreement and Defendants' payment of the Settlement Payment, and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, Bryant, his spouse, heirs, executors, administrators, representatives, attorneys, and assigns, irrevocably and unconditionally forever releases and discharges Snipes and Snipes Enterprises; as well as Snipes Enterprises's parents, subsidiaries, affiliates, successors, assigns; its past and present employees, managers, directors, shareholders, attorneys, insurers, representatives and agents; and all related parties (the "Released Parties"), from any and all actual or potential claims, demands, actions, causes of action or liabilities of any kind or nature, legal or equitable, whether known or unknown, which he may now have against them, either individually, jointly, or severally, expressly limited to only his individual claims under the Fair Labor Standards Act or state or local wage and hour laws for payment of hours worked up to the date of this Agreement (including, but not limited to, any claims for unpaid minimum wage, unpaid overtime compensation, or improper deductions from compensation under the Fair Labor Standards Act or state or local wage and hour laws), all liquidated damages that Bryant may be entitled to under the FLSA or state or local wage and hour laws related to payment for hours worked up to the date of this Agreement, and any other award, recovery, damages or compensation that Bryant may be entitled to under the FLSA or state or local wage and hour laws related to payment for hours worked up to the date of this Agreement, and it is expressly agreed that Bryant is not releasing any other claims in this Agreement, and that this release shall not have res judicata or collateral estoppel effect on any claims not expressly released in this Agreement.

5. **No Other Suits or Claims for unpaid wages or under FLSA.** Bryant represents that other than the above-referenced Civil Action he has filed against Defendants, he does not have any suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against Defendants or any of the other Released Parties with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board

with respect to the payment of wages; nor is he aware of any facts that would serve as the basis for any civil or administrative proceeding. By entering into this Agreement, Bryant waives (to the maximum extent possible by law) any right to commence, join or participate in any action or proceeding related to the claims released herein, including, but not limited to, any right to participate in the settlement or remedy of any action (including, but not limited to, any class, collective or other form of representative action) brought by any other individual, the U.S. Secretary of Labor or any other govenrment agency. In the event that any party files a subsequent claim against Defendants alleging to be owed unpaid wages, overtime compensation or wrongful deductions from compensation with respect to any time prior to and including the date Bryant executes this Agreement, Bryant agrees that he will not opt into the lawsuit if it is in the form of a collective action, and he will opt out of the lawsuit if it is in the form of a class action filed under Rule 23 of the Federal Rules of Civil Procedure, or any state law equivalent thereof. The provisions of this paragraph shall not bar Bryant from filing an action with respect to the enforcement or interpretation of this Agreement, or from participating in any action or proceeding in which he is compelled lawfully to do so pursuant to a court order or subpoena. Morevoer, nothing herein prohibits Bryant from cooperating with or participating in any investigation conducted by a federal, state or local agency.

6. **References**. Defendants agree to respond to any inquiries regarding Bryant by providing only a neutral reference stating his dates of employment.

7. **Indemnification.** Bryant agrees to indemnify and hold harmless Defendants from any claim, levy, lawsuit, or penalty or fine imposed or filed by any United States (IRS) or state taxing authority relating to taxes for which Bryant is responsible in connection with the Settlement Payment set forth in Paragraph 1. Bryant further agrees to indemnify and hold harmless Defendants from any claims of any attorney or law firm purporting to represent or to have represented Bryant in any dispute with Defendants. This indemnification includes any attorneys' fees and costs incurred by Defendants related to such dispute.

8. **No Admission of Liability.** Bryant understands that Defendants admit no liability with respect to any claim related to or arising out of his association with Defendants or any other matters. Defendants expressly deny liability for any and all claims asserted by Bryant, and the Parties agree that this Agreement may not be introduced in any action or proceeding by anyone for any purpose except to enforce its terms.

9. **Enforcement**. Any party shall have the right specifically to enforce this Agreement, except for provisions which subsequently may be held invalid or unenforceable.

10. **Severability and Survival.** If any clause or provision in this Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

11. **Applicable Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, as they are applied to contracts made and to be wholly performed in Georgia, regardless of choice of law principles to the contrary and regardless of whether any party is, or may hereafter be, a resident of another state.

12. **Venue.** The Parties acknowledge and agree that jurisdiction and venue over any claims arising under or relating to this Agreement shall lie exclusively in either State Court located in Gwinnett County, Georgia or in federal court in the Northern District of Georgia. In addition, the Parties waive any objection which they may have based on lack of personal jurisdiction, improper venue, or forum *non conveniens*, and consent to the granting of such legal or equitable relief as is deemed appropriate by the courts.

13. **Non-Assignment of Claims or Causes of Action.** This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement. Moreover, Bryant warrants and represents that he has made no assignment of the claims, demands or causes of action released herein.

14. **Authorship.** The Parties affirm that this Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

15. **When Agreement Becomes Effective; Execution in Counterparts.** This Agreement shall become effective upon its execution and approval by the Court; however, the date of execution by the Parties shall be the effective date of the Agreement for the purposes of determining the end date of the releases contained herein. The Parties acknowledge and agree that this Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

16. **Recitals.** The recitals are incorporated by reference.

17. **Entire Agreement.** This Agreement contains the entire agreement between the Parties concerning the subject matter herein and supersedes any prior agreements, representations, or statements of any party.

**NOW, THEREFORE,** the Parties have executed this Agreement freely and voluntarily, as of the date first above written.

Dated this ___18th___ day of ___March___, 2019.

_David Bryant_
David Bryant (Mar 18, 2019)
**DAVID BRYANT**

**SNIPES ENTERPRISES, LLC**
By:_____
Its:_____


_____
**JAMES H. SNIPES, JR.**

# FLSA Settlement Agreement

Final Audit Report                                                                 2019-03-18

| | |
|---|---|
| Created: | 2019-03-18 |
| By: | Radford & Keebaugh (amy@decaturlegal.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAtP7Q7yiCObtclS2J8gRXiPk4Fal4Qc53 |

## "FLSA Settlement Agreement" History

- Document created by Radford & Keebaugh (amy@decaturlegal.com)
  2019-03-18 - 12:58:41 PM GMT- IP address: 66.56.12.222

- Document emailed to David Bryant (djbcontractor@yahoo.com) for signature
  2019-03-18 - 12:59:09 PM GMT

- Document viewed by David Bryant (djbcontractor@yahoo.com)
  2019-03-18 - 1:32:58 PM GMT- IP address: 69.147.93.14

- Document e-signed by David Bryant (djbcontractor@yahoo.com)
  Signature Date: 2019-03-18 - 2:08:35 PM GMT - Time Source: server- IP address: 108.77.28.242

- Signed document emailed to james@decaturlegal.com, Radford & Keebaugh (amy@decaturlegal.com) and David Bryant (djbcontractor@yahoo.com)
  2019-03-18 - 2:08:35 PM GMT

Adobe Sign

12. **Venue.** The Parties acknowledge and agree that jurisdiction and venue over any claims arising under or relating to this Agreement shall lie exclusively in either State Court located in Gwinnett County, Georgia or in federal court in the Northern District of Georgia. In addition, the Parties waive any objection which they may have based on lack of personal jurisdiction, improper venue, or forum *non conveniens*, and consent to the granting of such legal or equitable relief as is deemed appropriate by the courts.

13. **Non-Assignment of Claims or Causes of Action.** This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement. Moreover, Bryant warrants and represents that he has made no assignment of the claims, demands or causes of action released herein.

14. **Authorship.** The Parties affirm that this Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

15. **When Agreement Becomes Effective; Execution in Counterparts.** This Agreement shall become effective upon its execution and approval by the Court; however, the date of execution by the Parties shall be the effective date of the Agreement for the purposes of determining the end date of the releases contained herein. The Parties acknowledge and agree that this Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

16. **Recitals.** The recitals are incorporated by reference.

17. **Entire Agreement.** This Agreement contains the entire agreement between the Parties concerning the subject matter herein and supersedes any prior agreements, representations, or statements of any party.

**NOW, THEREFORE,** the Parties have executed this Agreement freely and voluntarily, as of the date first above written.

Dated this _____ day of _____, 2019.

_____
**DAVID BRYANT**

**SNIPES ENTERPRISES, LLC**
By: _____
Its: __Owner__

Signature:

Email: james@jhscontracting.com
JAMES H. SNIPES, JR.